**KOLLER LAW LLC**
David M. Koller, Esquire (90119)                          *Attorney for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FAITH HOWELL** | : | |
| **402 Melody Road** | : | **Civil Action No.** 3:18-cv-82 |
| **Grampian, PA 16838** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **J.J. POWELL, INC. t/a SNAPPY'S** | : | |
| **14543 Clearfield Shawville Highway** | : | |
| **Clearfield, PA 16830** | : | |
| | : | |
| **604 N Front Street** | : | |
| **Phillipsburg, PA 16866** | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

Plaintiff, Faith Howell, by and through her attorney, brings this civil matter against Defendant, J.J. Powell, Inc. t/a Snappy's, alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), and avers and alleges as follows:

## THE PARTIES

1.      Plaintiff, Faith Howell (hereinafter "Plaintiff"), is an adult individual who is domiciled in Pennsylvania.

2.      Defendant, J.J. Powell t/a Snappy's (hereinafter "Defendant"), is a convenient

store that has a location at 14543 Clearfield Shawville Highway, Clearfield, PA 16830 and with a headquarters at 604 N Front Street, Phillipsburg, PA 16866.

3.     Plaintiff was employed by Defendant at its Clearfield, PA location from October 19, 2016, until her termination on February 2, 2017.

4.     At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

**JURISDICTION AND VENUE**

5.     The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6.     The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7.     The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8.     Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

2

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

10.    On or around April 10, 2017, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation against Defendant.

11.    The Charge was assigned a Charge Number of 846-2017-00846 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

12.    Plaintiff received a Notice of Right to Sue relative to the Charge dated January 24, 2018.  Plaintiff received the Notice by mail.

13.    Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

14.    Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

## FACTUAL SUMMARY

15.    The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16.    On October 19, 2016, Defendant hired Plaintiff as a Deli Specialist.

17.    Plaintiff was well qualified for her position and performed well.

### A.  Plaintiff is Subjected to Sexual Harassment by Defendant's Manager

18.    Soon after Plaintiff's employment began with Defendant, Robert Powell, Manager, instructed her to sit and take a break with him because she was working too hard.

19.    Mr. Powell stated that Plaintiff was very beautiful and offered to give Plaintiff a

3

ride on his motorcycle, but she had to give him a "piece of ass."

20.     Mr. Powell continued by stating to Plaintiff that he rips off his wife's clothes and has her lay on his motorcycle naked until he was "ready to put it in her."

21.     Mr. Powell's comments were offensive and unwelcome to Plaintiff.  However, when Plaintiff attempted to remove herself from this conversation, Mr. Powell stated, "I'm your boss and I said to sit."

22.     After this conversation, Mr. Powell informed Plaintiff that his wife was open to having another woman in the bedroom with them and detailed his past lifestyle of "swinging."

23.     In addition, Mr. Powell groped Plaintiff's buttocks on several occasions.

24.     Plaintiff denied Mr. Powell's advances.

25.     On November 21, 2016, Plaintiff reported Mr. Powell's sexual harassment to Christie Johnson, General Manager, and Kevin LNU, Deli Supervisor.

26.     Ms. Johnson instructed Plaintiff to write a statement regarding Mr. Powell's sexual harassment.

27.     On November 22, 2016, Mr. Powell was terminated.

**B.  Defendant Retaliates against Plaintiff for Complaining about Sexual Harassment**

28.     Before Plaintiff complained about sexual harassment, she was offered overtime opportunities, often working 50 hours per week.

29.     After Plaintiff complained about sexual harassment, Defendant no longer offered her overtime opportunities.

30.     Instead, other employees were offered the overtime hours previously worked by Plaintiff.

31.     In addition, before she had complained about sexual harassment, Ms. Johnson had

4

informed Plaintiff that she would be promoted to Manager.

32.     Instead of being promoted to Manager, Defendant offered Plaintiff the position of Shift Supervisor.

33.     However, as a Shift Supervisor, Plaintiff was not assigned supervisory responsibilities; she was not given any decision-making authority; and she was not allowed to interact with her direct reports.

34.     Defendant effectively isolated Plaintiff from her coworkers.

35.     On February 1, 2017, Plaintiff went to Ms. Johnson and asked if she could be transferred to another location of Defendant.

### C. Defendant Terminates Plaintiff's Employment

36.     On February 2, 2017, Plaintiff met with Ms. Johnson and Brandy Hage, Assistant Manager.

37.     Ms. Johnson told Plaintiff that she could not be transferred because there were no available positions.

38.     Ms. Johnson then terminated Plaintiff because she "seemed unhappy" and had been "rude" to a male employee.

39.     Plaintiff had not been rude to this male employee, however.

40.     Plaintiff informed Ms. Johnson that Defendant treated her differently and less favorably after she reported the sexual harassment.

### COUNT I – GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

41.     Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

5

42.     Plaintiff is a member of a protected class in that she is female.

43.     Plaintiff was qualified to perform the job.

44.     Defendant unlawfully terminated Plaintiff.

45.     Similarly situated persons outside of Plaintiff's protected class were treated more favorably than Plaintiff.

46.     Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

47.     No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

48.     The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

49.     As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

50.     Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

51.     Plaintiff is a member of a protected class in that she is female.

52.     Plaintiff was qualified to perform the job.

53.     Defendant unlawfully terminated Plaintiff.

54.     Similarly situated persons outside of Plaintiff's protected class were treated more

6

favorably than Plaintiff.

55.     Circumstances exist related to the above cited employment actions that give rise
to an inference of discrimination.

56.     No legitimate, non-discriminatory reasons exist for the above cited adverse
employment actions that Plaintiff suffered.

57.     The reasons cited by Defendant for the adverse employment actions that Plaintiff
suffered are pretext for discrimination.

58.     As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered
damages as set forth herein.

        **WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief
clause of this Complaint, *infra.*

## COUNT III – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

58.     Plaintiff incorporates by reference each allegation contained in the preceding
paragraphs as if the same were set forth more fully at length herein.

59.     The foregoing conduct created a sexually hostile work environment for Plaintiff.

60.     Plaintiff suffered intentional discrimination because of her sex.

61.     Plaintiff was subjected to sexual harassment by her manager who reminded her
that he was her "boss."

62.     Defendant subjected Plaintiff to unwelcome and offensive conduct of a sexual
nature that was severe or pervasive.

63.     The sexual harassment detrimentally affected Plaintiff.

64.     Plaintiff suffered tangible employment actions as alleged herein.

7

65.     The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

66.     Defendant is subject to vicarious liability because the harassment was created by a supervisor with authority over Plaintiff.

67.     As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IV – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**
**PENNSYLVANIA HUMAN RELATIONS ACT**

68.     Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

69.     The foregoing conduct created a sexually hostile work environment for Plaintiff.

70.     Plaintiff suffered intentional discrimination because of her sex.

71.     Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

72.     Plaintiff was subjected to sexual harassment by her manager who reminded her that he was her "boss."

73.     The discrimination detrimentally affected Plaintiff.

74.     Plaintiff suffered tangible employment actions as alleged herein.

75.     The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

76.     Defendant is subject to vicarious liability because the harassment was created by a

8

supervisor with authority over Plaintiff.

77.    As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

78.   Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

79.   Plaintiff engaged in activity protected by Title VII when she reported to Defendant that she had been subjected to sexual harassment.

80.   Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, isolating Plaintiff from her co-workers, reducing her hours worked, and termination.

81.   There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## THE PENNSYLVANIA HUMAN RELATIONS ACT

82.   Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

83.   Plaintiff engaged in activity protected by the PHRA when she reported to Defendant that she had been subjected to sexual harassment.

84.  Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, isolating Plaintiff from her co-workers, reducing her hours worked, and termination.

85.  There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Faith Howell, requests that the Court grant her the following relief against Defendant:

(a)  Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b)  Compensatory damages;

(c)  Punitive damages;

(d)  Emotional pain and suffering;

(e)  Reasonable attorneys' fees;

(f)  Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of TITLE VII and the PHRA.

(j)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and

10

documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW LLC

Date: April 25, 2018                    By:

David M. Koller, Esquire — 90119
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826
davidk@kollerlawfirm.com

*Counsel for Plaintiff*

11